ALFREDO MELÉNDEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent.

No. 2089. Argued November 3, 1954.—Decided November 30, 1954.

*Juan Nevares Santiago* for petitioner. *Guillermo Bauzá* for intervener.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In March 1950, the former District Court of Humacao rendered a judgment which became final and conclusive (*firme*) ordering Alfredo Meléndez to pay a monthly allowance òf $100 to his wife Gloria O'Neill and to his daughter Eileen Meléndez.

In January 1953, Alfredo Meléndez filed an action of divorce against his wife Gloria in the same court [1] on the ground of separation and on motion it was transferred to the San Juan Part of the Superior Court. After a motion to dismiss was overruled, time was given to defendant to answer and when she failed to do so, her default was entered. After a hearing the Superior Court rendered judgment decreeing the divorce and directing plaintiff to pay a monthly allowance of $40 to his minor daughter Eileen Meléndez.[2]

On September 22, 1953, when this judgment became final and conclusive, defendant filed a motion entitled "Motion for Reconsideration of Allowance for Support." In this motion she requested the court to set aside its order fixing a monthly allowance of $40 for her daughter Eileen and instead to maintain in full force and effect the judgment rendered by

---

[1] Humacao Part of the Superior Court of Puerto Rico.

[2] Section 107 of the Civil Code, as amended by Act No. 112 of April 25, 1950—(Sess. Laws, p. 288)—provides that when rendering judgment in cases of divorce, the judge shall provide as may be pertinent for the support of the minor children.

the District Court of Humacao in the action for support. She based that motion on the grounds that (1) plaintiff was bound to comply with the judgment rendered by the District Court of Humacao fixing the monthly allowance in $100, and (2) "that defendant has no property or means of subsistence, and that the allowance which this court has fixed is not sufficient for her maintenance." The court set the hearing of this motion for November 13, 1953, and notified the parties. For reasons that do not appear in the record sent to this Court, that hearing was not held on the date set [3] but it was held on the 20th of the same month and year. Defendant appeared but plaintiff did not. From the record of the case there is no indication that plaintiff was in any way notified of that hearing.

On November 23, 1953, the Superior Court, San Juan Part, entered an order, whose dispositive part reads as follows:

"After analyzing the evidence, the Court believes that it should reconsider its judgment in reference to the award for maintenance, and consistent with the judgment rendered in Civil Case No. R–5171, of the Superior Court of Humacao, it orders plaintiff Alfredo Meléndez, pursuant to that judgment, to continue paying plaintiff (sic), Gloria O'Neill, an allowance of one hundred dollars ($100) for the support of his minor daughter Eileen Meléndez O'Neill."

On December 9, 1953, the court, *motu proprio*, entered a so-called "Amended Order" in the same terms as the original one reconsidering the judgment in the case of divorce, with the exception that this time the court ordered that the $100 award should be paid from the month of August, 1953, that is, from the date of the judgment in the divorce case.

---

[3] On a motion for reconsideration filed by plaintiff and to which we shall later refer in this opinion, it is alleged that the hearings set for November 13 were postponed because on that date there was a meeting of judges with the Chief Justice of this Court. Another judge who also participated in the case gives this same reason for the postponement of the hearings set for November 13.

Several days later plaintiff prayed the court to reconsider its order of November 23 and to hear his evidence at a hearing set for that purpose. He based that request on the fact that he was not notified of the hearing set for November 20. The court did not entertain plaintiff's motion and flatly stated "petition denied."

Since plaintiff was depositing in court only the amount of $40 a month, he was summoned for contempt on motion of defendant. On March 12, 1954, in an extensive decision, another judge of the same court decided the incident of contempt decreeing (1) that plaintiff was not guilty of contempt; (2) that plaintiff was bound to comply with the court's order to pay defendant from August 1953 a monthly allowance of $100, and not $40 as he was previously doing; (3) it set a day for the hearing of the motion for reconsideration filed by plaintiff and which had been denied with "petition denied" by another judge and (4) that plaintiff will be declared guilty of contempt if after the date on which that order became final, he failed to deposit "at the disposition of defendant and her daughter the balance up to the amount of $100 which he failed to pay since March."

To review the orders previously mentioned, we issued a writ of certiorari.

 The motion entitled "Motion for Reconsideration of Allowance for Support" filed by defendant was not really a motion for reconsideration of judgment for such a motion would have been improper because, at the time it was filed, the judgment in the case of divorce had already become final (*firme*) and the term given to defendant for requesting reconsideration had already expired. Section 292 of the Code of Civil Procedure as amended by Act No. 67 of May 8, 1937 (Sess. Laws, p. 190). However, defendant, on behalf of her minor daughter, was not precluded at any time from requesting the modification of the judgment in the case of divorce as to its pronouncements on alimony,

and the court had jurisdiction to so order if warranted by the circumstances. *López* v. *Benítez*, 64 P.R.R. 270. This is so because the nature of an award for maintenance is always provisional and transitory, as long as the situation that impelled the court to grant it exists. *Sacarello* v. *Rubio*, 44 P.R.R. 860. But from the context of defendant's motion we can see that the request was directed to obtain support for her daughter as well as for herself. To this effect she alleged in the aforesaid motion that "defendant [Gloria O'Neill] has no property or means of subsistence, and that the allowance which this Court has fixed is not sufficient for her maintenance." Then she prayed the court to enter an order maintaining in full force and effect the judgment rendered by the District Court of Humacao in the action for support prior to the divorce decree. Notwithstanding the fact that it was not the defendant who obtained the judgment for divorce, it was decreed on the ground of separation, and the court could therefore allow her, in its discretion, an alimony out of the income, earnings, salary, or properties of her divorced husband if she did not have sufficient means for subsistence pursuant to § 109 of the Civil Code.[4]

We have found nothing in the law or in our decisions barring a divorced woman from making such claim by filing a motion within the divorce action. In *Sacarello* v. *Rubio*, *supra*, the divorced wife filed an independent action for main-

---

[4] Section 109 of the Civil Code, as amended by Act No. 90, approved May 5, 1948 (Sess. Laws, p. 202), provides:

"Section 109.—If the divorced wife, in whose favor judgment was rendered, has not sufficient means of subsistence, the district court may allow her, in its discretion, an alimony out of the income, earnings, salary, or property of her divorced husband, which alimony shall not exceed one-fourth of the income, earnings, or salary received.

"If the divorce was decreed on grounds of separation, the wife may apply for the alimony referred to in the preceding paragraph if she has not sufficient means of subsistence.

"The alimony shall be revoked if it shall become unnecessary, or if the divorced wife contracts a second marriage, or if she lives in public concubinage or observes a licentious behavior."

tenance against her former husband. Defendant contested the jurisdiction of the court alleging that the claim should have been made by way of motion within the divorce suit and not in an independent action. His contention did not prevail. However, this Court said nothing in that case which would indicate that a motion filed within the divorce action claiming support is improper.[5] Truly we know of no reason why such procedure may not be followed.

▇▇▇ Now, apparently the respondent court did not attach to defendant's motion the scope we indicate but on the contrary it believed that she was requesting the modification of the award for maintenance assigned to her minor daughter. Hence the court in its "Amended Order" directs plaintiff "to continue paying plaintiff (sic), Gloria O'Neill", pursuant to the judgment of support rendered by the District Court of Humacao, "a monthly allowance of one hundred dollars ($100) beginning August 1953, for the *support of his minor daughter, Eileen Meléndez O'Neill.*" (Italics ours.)

The error committed by the trial court in ordering plaintiff to continue complying with the judgment of support rendered by the District Court of Humacao is clear. Gloria O'Neill, plaintiff therein, while she was married to petitioner herein, requested and obtained support for herself and her daughter. The allowance of $100 a month in gross sum was granted for both and not for her daughter alone. The judgment of support does not determine which part of the amount corresponds to the mother and which part to the daughter.

---

[5] From the language used in the case of *Sacarello* v. *Rubio, supra*, perhaps the contrary may be inferred. It was said in that case:

"It seems to be the view of the appellant that in a case like the present one, unless the matter involved is raised by motion within the divorce action, the court will lose its jurisdiction to modify its judgment where circumstances may so require. What has already been said is enough to hold that this is not so. Whether the case is decided on motion, or following the procedure for unlawful detainer, or in an ordinary action, the court retains jurisdiction to consider the case again in the light of circumstances that may arise in the future." (44 P.R.R. p. 863.)

512

In any event, a part corresponded to Gloria O'Neill as wife of petitioner herein. But once the divorce was decreed, said judgment lacked legal force as to the amount which corresponded to the wife. This is so because the support granted to the married wife, as a spouse, and the support granted to the divorced wife, are not governed by the same legal provisions. The support of the wife is regulated by § 142 *et seq.* of the chapter entitled "The Support of Relatives" of the Civil Code [6] while the support given to the divorced wife is governed by § 109 of the same code. [7] A comparison of these provisions shows that the circumstances under which the right for support exists, as well as its amount, are different in each case. [8] Once the marriage is dissolved by divorce

---

[6] We copy here some of the pertinent sections:

"Section 142.—Support is understood to be all that is indispensable for maintenance, housing, clothing and medical attention, according to the social position of the family.

"Support also includes the education and instruction of the person supported when he is a minor.

"Section 143.—The following are obliged to support each other, within the full meaning of the preceding section:

"1. Husband and wife.

"2. Legitimate ascendants and descendants.

"3. Parents and legitimatized children and the descendants of the latter.

"4. Parents and illegitimate children, and the legitimate descendants of the latter.

"5. The adopter and the person adopted, excepting the provisions of section 136.

"Brothers and sisters also owe their legitimate brothers and sisters, even when only on the mother's or the father's side, the aid necessary to maintain their existence, when through a physical or mental defect or for any other cause not the fault of the person requiring support, the said person cannot provide for himself. With such support are included the expenses necessary for the elementary education and teaching of a profession or trade.

"Section 146.—The amount provided for support shall be proportioned to the resources of the person giving such support and to the necessities of the party receiving it, and shall be reduced or increased in proportion to the resources of the former and the necessities of the latter."

[7] See footnote 4, *ante.*

[8] Notice that the parties are obliged to support each other within the full meaning of § 142 and, as we have seen, it includes everything which is

legally obtained, the obligation which the parties have under § 143 of giving support to each other ceases. However, § 109 authorizes the court to grant in its discretion an alimony out of the property of her husband to the divorced wife in whose favor judgment was rendered under the circumstances and in the measure established in said section. Consequently, if the wife, in whose favor judgment was rendered, requests the court to allow her, in its discretion, an alimony out of the income of her husband, she should do so either by means of a motion within the divorce suit or in an independent action. This right of the ex-wife arises once the divorce is decreed and not before. This is why it is erroneous to order the husband in a divorce action, once the marriage is dissolved, to comply with a judgment of support rendered for the wife in another action when the parties were still married. The divorced wife should not only establish a claim for support in the way previously stated, but she should also justify the circumstances which under § 109 entitle her to it. The principle that the husband should be given an opportunity to be heard in relation to the claim of the divorced wife is so elementary that we shall not stop to discuss it.

Even if we should consider defendant's motion as a request to modify the allowance granted to her daughter, increasing its amount, plaintiff, petitioner herein, should have an equal opportunity to be heard in relation with that request. Since the amount provided for support shall be proportioned to the resources of the person giving such support and to the necessities of the party receiving it—§ 146 of the Civil Code—its determination involves a question of fact. An adjudication of fact under these circumstances, without granting the one giving support the opportunity to

---

essential for the maintenance, housing, clothing, and medical attention, according to the social position of the family; while after the matrimonial ties are dissolved by divorce, the wife only has a right, in the court's discretion, of an alimony, and this is not given in all its extent but it is limited to the amount assigned by § 109.

be heard, would clearly violate the due-process clause. From the record it is evident that this opportunity was denied to petitioner. He was notified of the hearing set for November 13, but not of the hearing of November 20, in which the court entered its first order increasing the monthly allowance from $40 to $100. The steps taken by petitioner, to have that order and an amendatory one set aside until he was heard, were unsuccessful. Subsequently he was summoned for contempt, and in deciding the incident another judge of the same court realized that there was confusion as to the judgment with which plaintiff therein was bound to comply and relieved him of responsibility. However, although in the record there is no showing that plaintiff was notified of the hearing set for November 20, as he repeatedly alleged, this other judge left in force the original orders by virtue of which the monthly allowance for support was raised to $100. In so doing he also committed error.

For all the reasons stated, the orders of November 23, December 9, 1953, and March 12, 1954, entered by the respondent court in the case No. CS-53-662 are hereby set aside, and further proceedings not inconsistent with this opinion shall be continued in the lower court.

Mr. Justice Negrón Fernández and Mr. Justice Ortiz did not participate herein.